## THE PEOPLE v. BARQUET ET AL.

### APPEAL from the District Court of Ponce.

No. 361.—Decided October 24, 1911.

CRIMINAL LAW—VIOLATION OF INTERNAL REVENUE LAWS—SALE OF ARMS AND AMMUNITION WITHOUT LICENSE.—Since July 1, 1905, when the act of March 9, 1905, amending Chapter II, Title IX, of the Political Code, went into ·effect, the sale of arms and ammunition by a person or his employes without the license required by law is a public offense punishable by said statute.

ID.—OFFENSES COMMITTED BY MERCANTILE PARTNERSHIPS—COMPLAINTS FILED AGAINST NATURAL PERSONS.—Where an information is filed against two natural persons for the violation of the internal-revenue laws and the case is prosecuted against said persons, a judgment finding guilty a mercantile partnership of which said natural persons are said to be members is erroneous where the record does not show that the defendants are members of the convicted partnership or that they are the sole managing partners of the same.

·The facts are stated in the opinion.

.Mr. *Felipe Casalduc* for appellants.

· · Mr. *Jesús·M. Rossy,* prosecuting attorney, for appellee.

MR. JUSTICE ALDREY delivered. the opinion of the court.

The following complaint was filed in the Municipal Court of Ponce:·

"Municipal Court of Ponce.—United States of America, *ss:* The President of the United States. *The People of Porto Rico* v. *Narciso and Juan Barquet.* I, Manuel de la Cruz, residing at 33 Méndez Vigo Street, Ponce, 22 years of age, make this complaint against Narciso Barquet and Juan Barquet, for the violation of sections 87 and 100 of the internal-revenue laws, committed in the following manner: That on September 21, 1910, in Atocha Street, Ponce, within the municipal-judicial district of Ponce, the said Narciso Barquet and Juan Barquet at or about 10.30 a. m., illegally and fraudulently sold to Ernesto Marcano, in their commercial establishment, situated in the street above mentioned, through one of their clerks named Juan Burgos, three 12-ms. revolver cartridges, without having a license so to sell as is required by the internal-revenue laws, all of which is contrary to the law in such cases made and provided and against the peace and dignity of The People of Porto Rico. Witnesses: J. W. Rideout, Ernesto Marcano, and Juan Burgos, all residents of Ponce. Manuel de la Cruz, complainant. Sworn to before me this 24th day of September, 1910. J. A. López Acosta, Judge of the Municipal Court of Ponce."

The trial was held and a judgment of conviction was entered, from which an appeal was taken to the District Court of Ponce, where the case was tried *de novo* and the following judgment rendered.

"Ponce, Porto Rico, February 20, 1911. The hearing of this case was held on the fourth of the present month, and the court is of the opinion that the law and the facts are against the firm of Barquet Brothers, composed of Juan Barquet and Narciso Barquet, and therefore declares them guilty of violating the internal-revenue laws, and sentences them to pay a fine of one hundred dollars and the costs of the trial."

An appeal having been taken from said judgment and a hearing having been held, the case is now pending our decision. At said hearing only the attorney for The People of Porto Rico appeared, but appellants filed a brief, and the demurrer filed to the complaint in the district court appears in the transcript of the record.

In that demurrer, which is based upon subdivision 3 of section 153 of the Code of Criminal Procedure, it is alleged

that the act charged in the complaint does not constitute a public offense, because the offense alleged to have been committed is not punishable under any statute of Porto Rico.

As may be seen by reading the complaint transcribed, the offense charged is that of selling revolver cartridges without the license required by the internal-revenue laws.

The act to amend Chapter II, Title IX, of the Political Code, and to repeal certain sections of the Penal Code, and for other purposes, approved March 9, 1905, which went into effect July 1, 1905, establishes various license taxes, and section 17 thereof provides that no person shall engage in the businesses or trades mentioned in said act until he shall have paid the license tax therein provided; section 30 of said act fixes the amount of the various licenses including those of dealers in arms and ammunition; section 21 provides that every person who, himself or by his agents or employes, sells or offers for sale, or exposes for sale, or has on his business premises, any article subject to tax under that act, shall be considered a dealer; and, finally, section 18 provides the penalty to be imposed upon every person engaging or continuing in any trade or occupation subject to a license tax without the proper license or whose license shall have been revoked, which penalty, for the first offense, is a fine of not less than $100.

The legal provisions quoted show that since July 1, 1905, the sale of arms or ammunition by any dealer, or by his employes, without the license required by law, is a public offense punishable by law, and, therefore, that the demurrer to the complaint was untenable and properly overruled.

It is alleged as an error that while the complaint was made against Juan Barquet and Narciso Barquet the judgment of the District Court of Ponce found the firm of Barquet Brothers guilty, although the case was not prosecuted against said firm and nothing in the record shows that said firm is composed of Juan and Narciso Barquet or that they are its managing partners or the only partners of the firm.

The complaint filed in the municipal court and which served as the information in the trial *de novo* held in the district court charges Juan and Narciso Barquet with the commission of the offense, but the judgment appealed from was rendered against the firm of Barquet Brothers, which is composed of Juan and Narciso Barquet.

We have read carefully the statement of the case approved by the judge of the court below and find nothing therein to show that the two defendants compose the convicted firm or that they are its only managing partners, wherefore it is impossible to sustain a judgment which, instead of deciding upon the responsibility of the two natural persons accused, finds guilty a legal entity against which the case has not been prosecuted.

For the reasons stated the judgment of the court below should be reversed and the case remanded for a new trial.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.